DECISION AND JOURNAL ENTRY
{¶ 1} Defendant, Harold A. Brady, II, appeals from the judgment of the Summit County Court of Common Pleas finding him guilty of kidnapping, felonious assault, and domestic violence. We affirm.
 {¶ 2} Defendant was convicted after a jury trial of one count of kidnapping in violation of R.C. 2905.01(A)(3), two counts of felonious assault in violation of R.C. 2903.11(A)(1), and two counts of domestic violence in violation of R.C. 2919.25(A) and (C). Defendant was sentenced to concurrent terms of seven years for the felonious assault charges, consecutive to eight years on the kidnapping charge for a total sentence of fifteen years. The court merged the domestic violence charges with the counts of felonious assault for purposes of sentencing.
 {¶ 3} Defendant appeals the judgment of the Summit County Court of Common Pleas, asserting two assignments of error for our review.
 ASSIGNMENT OF ERROR I
"The trial court erred in giving the jury an instruction on flight that improperly placed a burden of proof on the defendant and allowed his silence to be used as evidence against him, in violation of his constitutional right to remain silent."
 {¶ 4} In his first assignment of error, Defendant claims that the trial court erred in giving the jury an instruction on flight and improperly placed the burden of proof on Defendant. Additionally, Defendant maintains that the trial court erred in allowing his silence to be used as evidence against him in violation of his constitutional right to remain silent. We disagree.
 {¶ 5} We review jury instructions under an abuse of discretion standard. State v. Clay, 9th Dist. No. 04CA0033-M, 2005-Ohio-6, at ¶ 6. An abuse of discretion connotes more than an error of law or judgment; it implies an attitude on the part of the court that is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore (1983),5 Ohio St.3d 217, 219. Thus, giving of jury instructions is within the sound discretion of the trial court and will not be disturbed on review unless the trial court acted unreasonably, arbitrarily or unconscionably. See State v. Hipkins (1982), 69 Ohio St.2d 80, 82.
 {¶ 6} The court gave the following jury instruction regarding flight:
"In this case there is evidence tending to indicate that the defendant fled from the vicinity of the alleged crimes. In this case you are instructed that flight in and of itself does not raise a presumption of guilt. However, unless satisfactorily explained, it tends to show consciousness of guilt or a guilty connection with the alleged crimes.
"If, therefore, you find that the defendant did flee from the vicinity of the alleged crimes, and this conduct has not been satisfactorily explained, you may consider this circumstance in the case in determining the guilt or the innocence of the defendant.
"Upon you alone rests the decision to determine what weight, if any, you place upon the evidence you find, if any, which bears upon the issue of flight."
Defendant argues that the jury would believe that Defendant himself would have to satisfactorily explain the reasons behind his flight and, thus, his silence was incriminating on the matter of flight. We disagree.
 {¶ 7} "In considering whether a particular portion of a trial court's instructions was improper, the instructions must be viewed in their entirety." State v. Pitts (Sept. 30, 1997), 6th Dist. No. L-96-256, citing Schade v. Carnegie Body Co. (1982), 70 Ohio St.2d 207, 210. When considering the above instruction in its entirety, we notice that the court further instructed the jury that "[i]t is not necessary that the defendant take the witness stand in his own defense. He has a constitutional right not to testify. The fact that he did not testify must not be considered for any purpose." Therefore, the jury was told not to look to Defendant to explain his flight. Since it is presumed that the jury will obey the trial court's instructions, we find that the jury did not penalize Defendant for not testifying on his own behalf. See Statev. Short (Oct. 9, 1991), 9th Dist. No. 1995, at 3, citing State v.Dunkins (1983), 10 Ohio App.3d 72, 73.
 {¶ 8} Defendant points to State v. Fields (1973), 35 Ohio App.2d 140, to support his contention that the trial court's instruction on flight was in error. The instruction given in Fields is distinguishable from the one given in the instant case. In Fields, the court instructed the jury:
"you are instructed that flight in and of itself does not raise a presumption of guilt, but unless satisfactorily explained, it tends to show consciousness of guilt, or a guilty connection with the crime. If, therefore, you find that one or both of the defendants did flee from the scene of the alleged crime, and one or both have not satisfactorily explained their conduct in so doing, you may consider this circumstance together with all other facts and circumstances in the case in determining the guilt or innocence of one or both of the defendants." (Emphasis omitted.) Id. at 144-145.
The court in Fields held that the above instruction violated the defendant's constitutional rights, finding that the jury would interpret the instruction to mean that the defendant had to personally explain his conduct in fleeing. Id.
 {¶ 9} In the present case, the instruction did not direct Defendant to personally explain the circumstances of his flight. Additionally, the court clearly instructed the jury that Defendant's silence was not to be used against him. Under these circumstances, we do not find that Defendant's constitutional rights were violated. See State v. Teasley
(Aug. 17, 1995), 8th Dist. No. 67819. We find that, despite Defendant's assertions, the trial court's instruction on flight was "neither arbitrary nor unreasonable, and did not create an improper mandatory presumption." State v. Taylor (1997), 78 Ohio St.3d 15, 27. It is well established that evidence of flight is admissible to show "consciousness of guilt." Id., citing State v. Eaton (1969), 19 Ohio St.2d 145, paragraph six of the syllabus. The jury was entitled to infer from the evidence presented of Defendant's flight that he was conscious of his guilt. Accordingly, Defendant's first assignment of error is overruled.
 ASSIGNMENT OF ERROR II
"The trial court erred in imposing consecutive sentences without giving its reasons for so doing."
 {¶ 10} In his second assignment of error, Defendant contends that the trial court erred in failing to make required findings pertaining to imposition of consecutive sentences under R.C. 2929.14. We disagree.
 {¶ 11} An appellate court reviews a sentence to determine whether the trial court complied with the statutory mandates of R.C. Chapter 2929.State v. Yeager, 9th Dist. Nos. 21092 and 21107, 2003-Ohio-1809, at ¶ 5. Therefore, we will not disturb a trial court's sentencing decision unless we find by clear and convincing evidence that the sentence is not supported by the record or is contrary to the law. State v. Harrold, 9th Dist. No. 21797, 2004-Ohio-4450, at ¶ 13; R.C. 2953.08(G)(2). "Clear and convincing evidence is that evidence `which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" Harrold, at ¶ 13, quoting Cross v. Ledford (1954),161 Ohio St. 469, paragraph three of the syllabus.
 {¶ 12} "[W]hen imposing consecutive sentences, a trial court must make its findings under R.C. 2929.14(E) and give reasons supporting the findings under R.C. 2929.19(B)(2)(c) at the sentencing hearing." Statev. Brooks, 103 Ohio St.3d 134, 2004-Ohio-4746, at ¶ 14, citing State v.Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, paragraph one of the syllabus.
 {¶ 13} When imposing consecutive sentences, the trial court must explicitly find on the record that consecutive sentences are "necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public [.]" R.C. 2929.14(E)(4). R.C. 2929.14(E)(4) also requires a trial court to make one of three statutorily required findings regarding imposition of consecutive sentences including that:
"(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
"(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
"(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
The court must make these findings and give reasons for imposing consecutive sentences at the sentencing hearing. Comer, 2003-Ohio-4165, at paragraph one of the syllabus.
 {¶ 14} In this case, the judge found the following: "The Court believes that basic terms are inadequate to punish this defendant and would be demeaning to the seriousness of the offenses [,]" especially since Defendant is a repeat violent offender. The court stated on the record that it believed that:
"minimum sentences are not appropriate and, further, that consecutive sentences are necessary to both protect the public and to punish this particular defendant for what [the court] consider[s] to be very inhumane activities with respect to the treatment of any human being."
 {¶ 15} The court stated that it did not believe that consecutive sentences were disproportionate, because the crimes that were committed were committed while this defendant was on probation, and that the harm to the victim was so great that a single term would not adequately reflect the seriousness of this defendant's conduct. "[C]onsecutive sentences are needed, not only to protect the public, to offer appropriate punishment."
 {¶ 16} As rationale supporting these findings, the judge noted the viciousness of the act, the physical and psychological harm upon the victim, the relationship of the victim to Defendant which facilitated the crimes, and Defendant's history of criminal conduct, especially Defendant's history of criminal convictions for violence not only with the victim in this case but with other victims as well. Further the court noted that the offenses took place while Defendant was on probation for an act of domestic violence, and that Defendant showed no remorse for his actions. After reviewing the record, we find that the trial court made the required findings. We overrule Defendant's second assignment of error.
 {¶ 17} We overrule Defendant's two assignments of error and affirm the judgment of the Summit County Court of Common Pleas.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Carr, J., Whitmore, J., Concur.