DECISION AND JOURNAL ENTRY
{¶ 1} Appellants, Brenda and John Callahan, appeal from a jury verdict rendered against them in their professional negligence action against Appellees, Akron General Medical Center, et al. This Court affirms.
 II. {¶ 2} On March 5, 2001, Appellants filed a professional negligence action against Appellees, Mark T. Jaroch, M.D., Mark T. Jaroch, M.D., Inc. (hereinafter collectively "Dr. Jaroch"), Thomas Javorsky, M.D., and Anesthesiology Associates of Akron, Inc. (hereinafter collectively "Dr. Javorsky") in the Summit County Court of Common Pleas. The case was eventually dismissed and Appellants refiled the action on July 15, 2003. Appellants voluntarily dismissed Dr. Jaroch before trial. Dr. Jaroch then filed a motion for sanctions which we address in Appellants' third assignment of error.
 {¶ 3} On September 13, 2004, Appellants filed a motion for leave to file a motion in limine regarding cumulative evidence. Although the trial court granted Appellants' motion for leave to file a motion in limine, to which Appellees responded on September 21, 2004, Appellants mistakenly filed their Motion to Exclude Testimony of Cumulative Experts in another action before the Summit County Court of Common Pleas. Thus, the motion was not filed in the docket of the trial court and the court did not issue a decision on the motion.
 {¶ 4} The parties filed combined jury instructions on September 24, 2004. The jury trial began on September 27, 2004. On September 30, 2004, Appellants filed objections to the proposed jury instructions and interrogatories. The court denied each of Appellants' objections. Appellees offered testimony of two medical experts to contradict the testimony of Appellants' expert. During trial, Appellants did not object to the testimony of either witness as cumulative. At the close of all the evidence, the court read the jury instructions to the jurors. Appellants raised no objection to the jury instructions even when the judge specifically asked the parties whether they had any objections or corrections to the instructions as read. The jury returned a verdict for Appellees on all of Appellants' claims and the court entered judgment on the jury's verdict on October 4, 2004. Appellants timely filed their notice of appeal on November 3, 2004, raising three assignments of error for our review.
 ASSIGNMENT OF ERROR I
"THE TRIAL COURT COMMITTED ERROR, TO THE PREJUDICE OF [APPELLANTS], BY CHARGING THE JURY ON MATTERS TO WHICH THEY RAISED TIMELY OBJECTION."
 {¶ 5} In their first assignment of error, Appellants argue that several of the jury instructions given at trial were incorrect and impermissibly indicated the trial court's opinion regarding the merits of the case. We disagree.
 {¶ 6} A trial court must charge a jury with instructions that are a correct and complete statement of the law. Marshall v. Gibson (1985),19 Ohio St.3d 10, 12. However, the precise language of a jury instruction is within the discretion of the trial court. Youssef v. Parr, Inc.
(1990), 69 Ohio App.3d 679, 690. In reviewing jury instructions on appeal, this Court has previously stated:
"[A]n appellate court reviews the instructions as a whole. If, taken in their entirety, the instructions fairly and correctly state the law applicable to the evidence presented at trial, reversible error will not be found merely on the possibility that the jury may have been misled. Moreover, misstatements and ambiguity in a portion of the instructions will not constitute reversible error unless the instructions are so misleading that they prejudicially affect a substantial right of the complaining party." (Citations omitted.) Wozniak v. Wozniak (1993),90 Ohio App.3d 400, 410; see, also, Kokitka v. Ford Motor Co.
(1995), 73 Ohio St.3d 89, 93.
 {¶ 7} A trial court has no obligation to give jury instructions in the language proposed by the parties, even if the proposed instruction is an accurate statement of the law. Henderson v. Spring Run Allotment (1994),99 Ohio App.3d 633, 638. "Instead, the court has the discretion to use its own language to communicate the same legal principles." Id. Thus, absent an abuse of discretion, this court must affirm the trial court's language of the jury instructions. The phrase "abuse of discretion" connotes more than an error of judgment; rather, it implies that the trial court's attitude was arbitrary, unreasonable, or unconscionable. Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. When applying the abuse of discretion standard, an appellate court may not substitute its judgment for that of the trial court. Pons v. OhioState Med. Bd., (1993), 66 Ohio St.3d 619, 621.
 {¶ 8} The record reflects that Appellants did not object to the proposed jury instructions at the time the court presented them to the jury. Appellees claim that because Appellants failed to object before the jury retired to consider its verdict, Appellants failed to preserve this issue for appeal as required by Civ.R. 51(A). As this Court has previously stated in State v. Powers (1995), 106 Ohio App.3d 696, 699:
"To preserve for appeal the issue of error in the instruction to the jury, an appellant must cite an objection to the instruction on the trial record. * * * A fundamental rule of appellate review is that a reviewing court will not consider as error any issue that a party was aware of but failed to bring to the trial court's attention. Thus, a party has waived the right to contest an issue on appeal if that issue was in existence prior to or at the time of trial and the party did not raise it at the appropriate time in the court below." (Internal citations omitted).
 {¶ 9} However, once a party makes a position sufficiently clear such that the court has an opportunity to correct a mistake or defect in the instructions, then the rationale for a formal objection as required by Civ.R. 51(A) is no longer present. State v. Wolons (1989),44 Ohio St.3d 64, 67; Presley v. Norwood (1973), 36 Ohio St.2d 29, 33. The Ohio Supreme Court has held that an appellant fully informs the court of its position when the appellant formally requests an instruction to the contrary, and argues the issue to the trial court. Krischbaum v.Dillon (1991), 58 Ohio St.3d 58, 61. Here, Appellants filed written objections to the proposed instructions on September 30, 2004, the second to last day of trial. In their objections, Appellants requested that the trial court strike specific portions of the instructions, insert specific instructions and replace certain instructions with Appellants' proposed instructions. Under this authority we find that Appellants preserved this assignment of error when they filed specific objections to the jury instructions on September 30, 2004, which objections addressed the same instructions at issue in their appeal.
 {¶ 10} Appellants argue that the court erred in giving jury instructions that differed from Ohio Jury Instructions ("O.J.I."); however, "[t]he instructions found in Ohio Jury Instructions are not mandatory," but rather, "are recommended instructions based primarily upon case law and statutes[.]" State v. Martens (1993),90 Ohio App.3d 338, 343. We cannot find that the trial court abused its discretion in giving jury instructions or interrogatories that departed from those suggested by O.J.I.
 {¶ 11} Appellants contend that the court gave an impermissible instruction on medical negligence. More specifically, Appellants argue that the court's instruction misled the jury into believing that the burden of proof for a medical negligence action is higher than for an ordinary negligence action. The contested portion of the medical negligence instruction provided:
"Since medical negligence is different than ordinary negligence, I will now define medical negligence for you.
"* * *
"Since the case involves allegations against a medical provider, the Plaintiffs must prove a special type of negligence commonly referred to as medical malpractice."
We find no error in this instruction. Medical negligence cases differ from ordinary negligence cases in several ways including the fact that medical negligence cases require expert testimony regarding the standard of care and proximate cause. The judge's instruction that the case differs from other negligence cases in no way suggests a greater burden of proof. In fact, the court clearly and unambiguously sets forth the proper standard and burden of proof, stating:
"In order to establish medical malpractice, Plaintiffs must show by a preponderance of the evidence that the injury complained of was caused by the doing of some particular thing or things that a physician of ordinary skill, care and diligence would not have done under the circumstances or conditions, or by the failure or omission to do some particular thing or things that such a physician would have done under like conditions or circumstances, and that the injury complained of was the direct and proximate result of such doing or the failing to do one or more such particular things."
Thus, Appellants' argument must fail.
 {¶ 12} Appellants also contend that the trial court's instruction that a physician does not guarantee the results of his work was argumentative and thus impermissible. Appellants specifically take issue with the following instructions:
"A physician does not guarantee the results of his or her work. A physician doesn't warrant that the care and treatment of a patient will be successful or that nothing serious will arise as a result thereof.
"* * *
"The fact that a bad result was obtained despite reasonable care does not, in and of itself, equate to medical negligence."
We find that this instruction is an accurate statement of the law and relays the same legal proposition as the O.J.I. instruction which states:
"The fact that the doctor's treatment did not (bring about a cure) (fulfill the plaintiff's expectations) does not by itself prove that the doctor was negligent." 3 Ohio Jury Instructions, Section 331.01(6).
Appellants contend that the repetition of these instructions suggests to the jury the court's bias against Appellants' claim. As we have previously held, the court has the discretion to use its own language to communicate the legal principles at issue. Henderson,99 Ohio App.3d at 638. On review, we have examined the instructions as a whole, and we find that they are fairly balanced and include accurate statements of the law. Accordingly, we cannot find that the trial court abused its discretion in giving this instruction.
 {¶ 13} Appellants additionally contest the trial court's proximate cause instruction. Particularly of concern to Appellants is the court's instruction that the establishment of proximate cause through medical testimony must be by probability and that opinions provided to a lesser degree of certainty "must be excluded as speculative." Appellants assert that this instruction is impermissible because it requires the jury to rule on the admissibility of evidence and increases Appellants' burden of proof. Appellants further contest this instruction as contradictory to the court's earlier instruction that the jury should consider "all the evidence", regardless of who produced it, in determining whether an issue had been proven by the preponderance of the evidence.
 {¶ 14} Appellants do not dispute that this instruction correctly states the law, but contend that the jury was led astray by this instruction because it infers that the jury must determine the admissibility of the evidence. While we find that the court did not need to state that opinions expressed with a lesser degree of certainty must be excluded, Appellants have failed to demonstrate more than the mere possibility that the jury was misled. Wozniak, 90 Ohio App.3d at 410. They simply contend that the jury could have been misled. Moreover, Appellants have identified no expert opinion that was provided to a lesser degree than a probability. Even if the court's statement is viewed as creating ambiguity regarding the establishment of proximate cause, "ambiguity in a portion of the instructions will not constitute reversible error unless the instructions are so misleading that they prejudicially affect a substantial right of the complaining party." Id.
 {¶ 15} A review of the jury's findings reveals that Appellants were not prejudiced by the proximate cause instruction. The jury found that Appellees were not negligent and thus did not reach the proximate cause issue. A medical malpractice analysis requires the trier of fact to first consider whether the physician was negligent, which requires the trier of fact to consider whether the physician failed to act as a physician of similar skill would have under the circumstances. Bruni v. Tatsumi
(1976), 46 Ohio St.2d 127, 130. If a jury finds that the physician was negligent, it must then consider whether the negligence proximately caused the plaintiff's injuries. Id.
 {¶ 16} The jury unanimously determined that Appellees were not negligent. Absent a finding of negligence, the jury did not need to engage in an analysis of proximate causation. We find that Appellants were thus not prejudiced by the "proximate cause" instruction.
 {¶ 17} Appellants also take issue with the court's two sympathy instructions. Appellants contend that the two sympathy instructions were unjustifiably repetitious and led the jury to believe that the court favored the defense. However, the decision to repeat jury instructions is within the trial court's discretion. State v. Carver (1972),30 Ohio St.2d 280, 289.
"The mere fact that a legal proposition was repeated in an instruction is not ground for reversal, provided it is correct in itself, unless it appears that the party complaining was prejudiced thereby, or that such repetition was unnecessary and was made by way of emphasis or for the purpose of influencing the decision of the jury" (Citations omitted). Colev. Beallor (Dec. 30, 1999), 5th Dist. No. 1999CA00080, at *9-10.
 {¶ 18} Appellants do not dispute the accuracy of the law stated in the sympathy instruction. Upon review of the two instructions at issue, we find that the legal proposition that the jury should not be influenced by any consideration of sympathy or prejudice, was indeed repeated. However, Appellants have failed to identify a jury interrogatory or other evidence of the jury's findings, to establish that the instructions misled or prejudiced the jury. Accordingly, we are disinclined to hold that reading both instructions resulted in prejudice as a matter of law.
 {¶ 19} Finally, Appellants contend that the court erred in failing to maintain a copy of the written jury instructions in the case file. Appellants cite R.C. 2315.01(G) for the proposition that the court's failure to maintain the written jury instructions in the case file is reversible error. However, Civ. R. 51(A)[1] specifically states that "[t]he court need not reduce its instructions to writing." The Staff Note to Civ. R. 51(A) states that Civ. R. 51(A) supersedes R.C. 2315.01(G). We find that the court thus had no obligation to maintain written jury instructions. See Armstrong v. Kittinger (Sept. 21, 1994), 9th Dist. Nos. 16124 16378, at *12.
 {¶ 20} Appellants have failed to demonstrate that the court abused its discretion in giving the jury instructions. We therefore overrule Appellants' first assignment of error.
 ASSIGNMENT OF ERROR II
"THE TRIAL COURT COMMITTED ERROR, PREJUDICIAL TO [APPELLANTS], BY FAILING TO EXCLUDE THE CUMULATIVE EVIDENCE OF TWO EXPERT WITNESSES CALLED BY DR. JAVORSKY TO OPINE ON THE SAME ISSUE."
 {¶ 21} In their second assignment of error, Appellants contend that the trial court erred by failing to exclude the cumulative evidence of Appellees' two expert witnesses who were called to testify on the same issue. As further explained herein, we decline to address this assignment of error because Appellants failed to preserve it for appeal.
 {¶ 22} On September 13, 2004, Appellants filed a motion to exclude the testimony of Appellees' expert witnesses as cumulative. However, Appellants mistakenly filed the motion under an incorrect case number and the motion was therefore not filed on the trial court's docket. Even had Appellants filed the motion under the correct case number, the record reflects that Appellants failed to object at trial to the testimony offered by these two witnesses. This fact is fatal to Appellants' second assignment of error.
 {¶ 23} Appellants' motion to exclude testimony is viewed as a motion in limine. Any pre-trial ruling by the court is provisional, and the moving party is required to make a proper objection at trial, in order to preserve the error for appeal. State v. Brown (1988), 38 Ohio St.3d 305, paragraph three of the syllabus. At trial, each of Appellees' expert witnesses testified without any objection by Appellants. By failing to raise the issues involved "when the issue [was] actually reached and the context developed at trial", Appellants waived the right to raise this issue on appeal. State v. Grubb (1986), 28 Ohio St.3d 199, 203. We therefore decline to address Appellants' second assignment of error.
 ASSIGNMENT OF ERROR III
"THE TRIAL COURT ERRED, TO THE PREJUDICE OF [APPELLANTS], BY FAILING TO DENY DR. JAROCH'S MOTION FOR SANCTIONS."
 {¶ 24} In their third assignment of error, Appellants argue that the trial court erred in failing to deny Dr. Jaroch's motion for sanctions. Before disposing of this assignment of error, we must provide a brief procedural history of Dr. Jaroch's motion for sanctions.
 {¶ 25} On September 8, 2003, Dr. Jaroch filed a motion for sanctions and statutory damages pursuant to R.C. 2323.51, which the court held in abeyance. On April 6, 2004, Appellants voluntarily dismissed Dr. Jaroch. Dr. Jaroch renewed his motion for sanctions on April 14, 2004 and sought discovery of Appellants' materials related to the motion for sanctions. On June 3, 2004 the trial court granted Dr. Jaroch's request, and specifically permitted Dr. Jaroch to review Appellants' counsel's (Attorney Fortado) file in regard to discovery of this matter. On August 12, 2004, Appellants moved for reconsideration of the June 3, 2004 order and for a protective order pursuant to Civ. R. 26. On November 8, 2004, the trial court denied Appellants' motion for reconsideration and scheduled a hearing on Dr. Jaroch's motion for sanctions.
 {¶ 26} On December 16, 2004, Appellants moved to amend their notice of appeal to include the trial court's June 3, 2004 order. In their motion to amend, Appellants argued that the trial court's October 4, 2004 entry of judgment terminated the case and thus made the June 3, 2004 order final and appealable. Dr. Jaroch responded to the motion and moved to dismiss the appeal as it related to the sanctions issues. Dr. Jaroch argued that the June 3, 2004 order was a final, appealable order from which Appellants should have appealed at that time because it ordered production of potentially privileged documents. In our February 11, 2005 order, we denied Appellants' motion to amend their notice of appeal to include the June 3, 2004 order. We held that the trial court's June 3, 2004 order was not a final, appealable order because it was not the denial of a protective order but rather an interlocutory discovery order. In addition, we held that the trial court's October 4, 2004 order did not make the June 3, 2004 order final and appealable because it merely dismissed the case on the merits while the motion for sanctions remained pending. Accordingly, we held that the within appeal could not include the June 3, 2004 order. Dr. Jaroch's motion to dismiss the appeal was denied as moot.
 {¶ 27} Appellate courts have jurisdiction to "review and affirm, modify, or reverse judgments or final orders" of lower courts. Section3(B)(2), Article IV, Ohio Constitution. An order of the trial court is final and appealable only if the requirements of R.C. 2505.02 are satisfied. R.C. 2505.02 governs final orders and provides:
"(A) As used in this section:
"* * *
"(3) `Provisional remedy' means a proceeding ancillary to an action, including, but not limited to, * * * discovery of privileged matter * * *.
"(B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
"* * *
"(4) An order that grants or denies a provisional remedy and to which both of the following apply:
"(a) The order in effect determines the action with respect to the provisional remedy and prevents a judgment in the action in favor of the appealing party with respect to the provisional remedy.
"(b) The appealing party would not be afforded a meaningful or effective remedy by an appeal following final judgment as to all proceedings, issues, claims, and parties in the action."
 {¶ 28} This Court has held that an order requiring production of privileged materials may constitute a final, appealable order. See AmerCunningham Co., L.P.A. v. Cardiothoracic Vascular Surgery of Akron,
9th Dist. No. 20899, 2002-Ohio-3986, at ¶ 11 (holding that trial court order requiring counsel to testify regarding attorney-client privileged matters and/or attorney work product was a final, appealable order because it is an order that "grants or denies a provisional remedy"); SeeCuervo v. Snell (Sept. 26, 2000), 10th Dist. No. 99AP-1442, at *6-7 (finding that a court's ruling on the discovery of privileged matters between an attorney and his or her client are appealable because once that information is disclosed, the "proverbial bell cannot be unrung" (quoting Gibson-Myers Assoc. v. Pearce (Oct. 27, 1999), 9th Dist. 19358, at *6)).
 {¶ 29} Upon further review of the record, we find that the June 3, 2004 order was a final, appealable order under R.C. 2505.02(B)(4) because the order required production of potentially confidential information, namely Attorney Fortado's case file. There is no dispute that the file in question was generated in the course of Attorney Fortado's representation of Appellants. Appellants thus have presented at least a colorable claim that the file contains privileged matters which are potentially protected. Once the client file was to be revealed and in fact found to contain sensitive material, Appellants would have no adequate remedy on appeal. See Wilson v. Barnesville Hosp. (Dec. 21, 2001), 7th Dist. No. 01-BA-40, at *9; Schottenstein, Zox Dunn, L.P.A. v. McKibben, 10th Dist. No. 01AP-1384, 2002-Ohio-5075, at ¶ 19. However, Appellants failed to file a notice of appeal within thirty days of the June 3, 2004 order as required by App. R. 4(A) and are thus precluded from pursuing issues related to the motions for sanctions at this time.
 {¶ 30} Although we applied a different rationale in our February 11, 2005 order, we reach the same result and find that this Court lacks jurisdiction to review issues related to the motion for sanctions. We therefore vacate our February 11, 2005 order to the extent that we found that the June 3, 2004 order was not a final, appealable order. Because issues related to the motion for sanctions are not properly before this court, we cannot consider Appellants' third assignment of error.
 III. {¶ 31} Appellants' three assignments of error are overruled. The judgment of the Summit County Court of Common Pleas is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellants.
Exceptions.
Batchelder, J, concurs.
[1] Civ. R. 51(A) was amended in July 2005 and the portion at issue in this matter now reads the opposite:
"The court shall reduce its final instructions to writing or make an audio, electronic, or other recording of those instructions, provide at least one written copy or recording of those instructions to the jury for use during deliberations, and preserve those instructions for the record."
Thus, the trial court acted in accordance with the then existing requirements of Civ. R. 51(A).