DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
{¶ 1} Plaintiff-Appellant Connie Van Scyoc has appealed from a judgment of the Summit County Court of Common Pleas that found in her favor on the issue of causation against Defendant-Appellee Katrina Huba but awarded no damages. This Court affirms.
 I {¶ 2} On November 15, 2002, Appellant initiated a personal injury action against Appellee stemming from a motor vehicle accident on November 17, 2000. Appellant voluntarily dismissed her complaint without prejudice on March 31, 2003 and timely re-filed on March 18, 2004. The complaint alleged that on the date of the accident, Appellee had negligently collided with Appellant's vehicle, thereby causing personal injury.
 {¶ 3} Prior to the commencement of trial, Appellee admitted fault for the accident. On February 8, 2005, Appellant filed her proposed jury instructions. Included in her proposal was an instruction stating that an injury may have more than one proximate cause. On February 10, 2005 a jury trial commenced on the issues of proximate cause and damages. The jury returned a verdict February 14, 2005 in favor of Appellant, but awarded zero dollars in damages. On February 25, 2005, Appellant filed a motion for a new trial. The trial court denied the motion by judgment order on March 23, 2005.
 {¶ 4} Appellant has timely appealed the judgment of the trial court, asserting one assignment of error.
 II Assignment of Error Number One
"THE TRIAL COURT ERRED TO THE PREJUDICE OF PLAINTIFF-APPELLANT BY FAILING TO INSTRUCT THE JURY THAT HER INJURIES COULD HAVE MORE THAN ONE PROXIMATE CAUSE WHEN WITHIN A THIRTY DAY TIME PERIOD APPELLANT HAD A WORKPLACE ACCIDENT AND WAS INVOLVED IN A MOTOR VEHICLE ACCIDENT AND THE UNREBUTTED MEDICAL EXPERT TESTIMONY AT TRIAL WAS THAT A SUBSEQUENT MOTOR VEHICLE ACCIDENT CAUSED A NEW SHOULDER INJURY, CONTRIBUTED TO APPELLANT'S NECK INJURIES, AND AGGRAVATED HER LOWER BACK CONDITION."
 {¶ 5} In her sole assignment of error, Appellant has argued that the trial court erred by failing to instruct the jury that her injuries could have more than one proximate cause. Specifically, Appellant has argued that the trial court was obligated to give the instruction because under Ohio law there may be more than one proximate cause of an injury. We disagree with Appellant's position in relation to the facts of this case.
 {¶ 6} We begin by noting that the giving of jury instructions is within the sound discretion of the trial court. State v. Brady, 9th Dist. No. 22034, 2005-Ohio-593, at ¶ 5, citing State v. Hipkins (1982),69 Ohio St.2d 80, 82. We review such a decision under an abuse of discretion standard. State v. Clay, 9th Dist. No. 04CA0033-M, 2005-Ohio-6, at ¶ 5. An abuse of discretion connotes more than an error of law or judgment; it implies an attitude on the part of the court that is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219. Therefore, the decision of the trial court will not be disturbed on review unless the trial court acted unreasonably, arbitrarily or unconscionably. Brady at ¶ 5.
 {¶ 7} This Court has held that "[i]n order to demonstrate reversible error with respect to a trial court's refusal to give a proposed instruction, an appellant must demonstrate that, first, the trial court abused its discretion by failing to give the requested instruction, and second, that the appellant was prejudiced as a result." Carpenter v.Wellman Products Group, 9th Dist. No. 03CA0032-M, 2003-Ohio-7169, at ¶ 12, citing Irvine v. Akron Beacon Journal, 147 Ohio App.3d 428,2002-Ohio-2204, at ¶ 31.
 {¶ 8} Appellant has argued that the trial court's refusal to give the instruction on "dual causation" deprived the jury of any guidance on what to do if it found that both Appellant's workplace injury and Appellee's negligence proximately caused Appellant's injuries. Appellant has also argued that the trial court's refusal to instruct the jury on dual causation allowed Appellee's counsel to "unfairly" and "incorrectly" suggest to the jury that Appellant could only recover if her injuries were solely caused by the negligent conduct of the Appellee.
 {¶ 9} Appellee has countered that Appellant waived appellate review on the matter of jury instructions because she failed to object to the omission of jury instructions prior to the jury retiring to deliberate and because she did not propose any additions, deletions or objections to the charge submitted to the jury. Furthermore, Appellee has argued that Appellant failed to test the verdict with interrogatories and therefore, it is impossible to conclude that the basis of jury's verdict was improper.
 {¶ 10} Rule 51(A) governs appellate review of jury instructions and provides in pertinent part:
"On appeal, a party may not assign as error the giving or the failure to give any instruction unless the party objects before the jury retires to consider its verdict, stating specifically the matter objected to and the grounds of the objection. Opportunity shall be given to make the objection out of the hearing of the jury." Civ.R. 51(A).
 {¶ 11} This Court has consistently adhered to the tenets of Civ.R. 51(A). See, e.g., Callahan v. Akron Gen. Med. Ctr., 9th Dist. No. 22387,2005-Ohio-5103; Patio Enclosures, Inc. v. Four Seasons Marketing Corp., 9th Dist. No. 22458, 2005-Ohio-4933; Fisher v. Lorain, 9th Dist. No. 02CA008032, 2003-Ohio-526.
 {¶ 12} Furthermore, the Ohio Supreme Court has held that "`[w]hen a party fails to object to the giving of or failure to give a jury instruction before the jury retires to consider a verdict, the party may not assign as error the giving of or failure to give such instruction.'"Fisher at ¶ 7, quoting Schade v. Carnegie Body Co. (1982),70 Ohio St.2d 207, paragraph one of the syllabus.
 {¶ 13} In the present case, Appellant did not formally object to the trial court's omission of her proposed jury instruction. The record reflects that prior to closing arguments, the trial court provided both parties with a draft of the jury instructions and queried whether the parties had anything further. Appellant replied in the affirmative and contended that the court was required to include an instruction advising the jury that it is permissible to have more than one proximate cause. Whereupon a discourse was had between Appellant's counsel and the trial court regarding the appropriateness of the instruction. The trial court refused to include the proposed instruction on the basis that the prior incident to which Appellant referred was a worker's compensation injury, and therefore not necessarily a negligent cause.
 {¶ 14} The record further reflects that after the jury had been charged and dismissed to deliberate, the trial court asked the parties if they had any additions, corrections or alterations to the submitted jury charge, to which Appellant had none. The trial court then inquired whether the parties wanted to renew any objections. Appellant declined to renew her objections.
 {¶ 15} Appellee has argued that the abovementioned exchange between the trial court and Appellant prior to the jury charge did not constitute an objection. This Court disagrees. While a party is required to "cite an objection to the instruction on the trial record," State v. Powers
(1995), 10 Ohio App.3d 696, 699, a formal objection is not required to satisfy the standards of Civ.R. 51(A).
 {¶ 16} We have recently held that "once a party makes a position sufficiently clear such that the court has an opportunity to correct a mistake or defect in the instruction, then the rationale for a formal objection as required by Civ.R. 51(A) is no longer present." Callahan at ¶ 9. See also State v. Wolons (1989), 44 Ohio St.3d 64, 67 (adopting thePresley rationale in criminal cases); Presley v. Norwood (1973),36 Ohio St.2d 29, 33 (holding that when a party unsuccessfully requests inclusion of the law into a jury charge, the party does not waive its objection to the court's charge by failing to formally object). Furthermore, we have stated that "an appellant fully informs the court of its position when the appellant formally requests an instruction to the contrary, and argues the issue to the trial court." Callahan at ¶ 9, citing Krischbaum v. Dillon (1991), 58 Ohio. St.3d 58, 61.
 {¶ 17} It is evident from the record that Appellant formally requested an instruction contrary to the charge submitted to the jury. On February 8, 2005, Appellant filed her proposed jury instructions, including the proposed instruction on dual causation. Additionally, Appellant brought the issue to the attention of the trial court, argued her position and clearly stated that the instruction should be included. Based on the foregoing, we find that Appellant did not waive her objection to the trial court's refusal to give the proposed instructions when she did not formally object to the given charge. See Krischbaum, 58 Ohio St.3d at 61.
 {¶ 18} While we acknowledge that Appellant's conduct was equivalent to an objection under Krischbaum and Callahan, we take issue with Appellant's failure to renew her objection to the jury charge when specifically offered the opportunity by the trial court. It is axiomatic that prudence and good sense mandate renewal of an objection when given the opportunity by the trial court, and this Court is unaware of a reason why the objection at issue was not renewed. Accordingly, we find that Appellant effectively withdrew her objection to the submitted jury charge when she declined to renew it when specifically provided an opportunity to do so.
 {¶ 19} As such, Appellant's withdrawal of her objection has the effect of waiving all but plain error on appeal. See Patio Enclosures, at ¶ 61. Because Appellant did not argue plain error on this issue, her argument that the trial court erred in refusing to give the proposed instruction on dual causation is not well taken. Id. See also Matis v.Matis, 9th Dist. No. 04CA0025-M, 2005-Ohio-72, at ¶ 18.
 {¶ 20} Assuming arguendo, that Appellant's failure to renew did not constitute a withdrawal of the objection, thus effectively preserving her objection for appeal, we find that the trial court did not abuse its discretion when it refused to include the proffered instruction in its jury charge.
 {¶ 21} Appellant's proposed jury instruction read as follows:
"There may be more than one proximate cause. When the actions of one party combine with the negligence of another to produce an injury, thenegligence of both is a cause. The law does not require that thenegligence of each occur at the same time, in the same manner, or even in the same place, nor that there be a common purpose or action.
The fact that some other cause combined with the negligence of a defendant to produce an injury does not relieve Defendant from liability." (Emphasis added).
 {¶ 22} We note that Appellant's proposed jury instruction parallels O.J.I. 11.10(3) which also couches both proximate causes in terms of negligence. We have held that "[r]equested instructions should be given if they are correct statements of the law applicable to the facts in the case[.]" Fisher at ¶ 8. In the instant case, the trial court ruled that the charge was not proper because the prior incident to which Appellant referred was one of worker's compensation, not necessarily a negligent cause. This Court finds no fault in the trial court's reasoning. Therefore, Appellant's proposed jury instruction was not "applicable to the facts of the case" and the trial court did not act unreasonably, arbitrarily or unconscionably when it refused to include the instruction in the jury charge.
 {¶ 23} Appellant has also argued that Ohio case law indicates a dual causation instruction should be given when two "incidents" act together to cause harm, regardless of the existence of negligence or a negligent tortfeasor for both incidents. We have found the cases cited by Appellant to be accurate on this point. "In Ohio, when two factors combine to produce damage or illness, each is a proximate cause." Murphy v.Carrollton Mfg. Co. 61 Ohio St.3d 585, 588, quoting Norris v. Babcock Wilcox Co. (1988), 48 Ohio App.3d 66, 67.
 {¶ 24} However, had Appellant wanted an instruction stating that multiple proximate causes could exist when two factors or incidents combined to produce damage or illness, she could have submitted one. As it stands, Appellant proffered an instruction which clearly introduced negligence for both incidents into the equation, and because the first incident was not necessarily negligence, the instruction, as it was offered, was inapplicable to facts of the case.
 {¶ 25} Based on the foregoing, Appellant's sole assignment of error is without merit.
 III {¶ 26} Appellant's sole assignment of error is overruled. The judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
Slaby, P.J., Carr, J. concur.