CONCURS IN PART AND DISSENTS IN PART, SAYING: *Page 17 
 {¶ 34} I concur with the majority's opinion with respect to Griffin, but I do no agree with the reversal of Hairston's convictions.
 {¶ 35} I do not agree that the State presented insufficient evidence to convict Hairston of possession of drugs, drug trafficking, and criminal gang activity. In support of its decision, the majority relies upon the fact that proximity alone is insufficient to establish constructive possession. However, in the instant matter, the State did not rely solely on Hairston's presence in the home to support its claim of constructive possession. In contrast to Griffin, Hairston ran from the officers who entered the residence. This evidence of flight demonstrates "consciousness of guilt." State v. Brady, 9th Dist. No. 22034, 2005-Ohio-593, at ¶ 9, quoting State v. Taylor (1997),78 Ohio St.3d 15, 27. Moreover, Hairston turned and ran up the stairs at the residence, located a bedroom, and hid in its closet, indicating his awareness of the layout of the home. This evidence, if believed by the jury, would negate any claim that Hairston was at the home solely to buy drugs. When viewed in a light most favorable to the State, this knowledge of the home, Hairston's flight, his possession of marijuana, and the numerous areas throughout the residence where drugs were located provide ample evidence for the jury to conclude that Hairston possessed and sold the drugs found in the home. See State v. Molina, 8th Dist. No. 83731, 2004-Ohio-4347, at ¶ 29 (stating "[i]t would have been difficult, if not impossible, for appellant not to have been *Page 18 
aware of any activity going on in the apartment."). Consequently, I would find that the State produced sufficient evidence to support these convictions.
 {¶ 36} With respect to Hairston's criminal gang activity conviction, the State presented evidence that officers searched the address used by Hairston. Inside that home owned by Hairston's father, officers found graffiti associated with a gang. The graffiti included the following statements and symbols: "N$G," "N$G for life," and "N$G Tank, from the hood." Officer Cresswell testified that the graffiti was consistent with the symbols used by a gang known as the North Side Gangsters. In addition, the State presented evidence that another individual arrested at the residence with Hairston, Keon Williams, pled guilty to attempted criminal gang activity based on his actions at the residence. As a result, the State presented circumstantial evidence to support a finding that Hairston was a gang member and furthering the gang through his criminal conduct.
 {¶ 37} In his defense, Hairston presented the testimony of his father. The father testified that the graffiti was 12 years old, that it had been drawn by his daughter, and that Hairston had not lived at the residence in several months, but still received his mail there. However, a review of the father's testimony reveals that a bulk of his testimony was spent either not hearing the questions presented or indicating that he did not understand them. In fact, the only questions father was able to respond quickly to were the three questions that directly benefited his son. *Page 19 
 {¶ 38} Furthermore, with respect to the age of the graffiti, the State introduced evidence that some of the graffiti contained dates as recent as 2002, contradicting the testimony of Hairston's father. Moreover, in 2002, Hairston would have been 14-15 years old. Officers testified that this was a common age for children to become involved in gangs.
 {¶ 39} Viewing this evidence in a light most favorable to the prosecution, I would find that the State presented sufficient evidence to support Hairston's criminal gang activity conviction. The sole witness presented by Hairston was his father. Due to the close familial relationship, Hairston's father had a motive to be less than forthright. Further, it is somewhat concerning that Hairston's father was able to so quickly tell officers that the graffiti was 12 years old, (a claim rebutted by the dates in that graffiti), but was unable to hear or understand the remainder of the questions posed to him. Consequently, I cannot say that the State produced insufficient evidence to support Hairston's criminal gang activity conviction.
 {¶ 40} Based on the above, I would affirm each of Hairston's convictions. Therefore, I dissent from the portion of the majority's opinion which reverses those convictions. I concur in the remainder of the majority's opinion. *Page 1