OPINION
{¶ 1} Defendant-appellant Richard Eugene Norman appeals the June 9, 2005 Judgment Entry entered by the Mount Vernon Municipal Court, which overruled his appeal of the administrative license suspension ("ALS") without conducting a hearing. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE CASE[1] {¶ 2} On May 20, 2005, appellant was issued a Complaint for operating a vehicle under the influence of alcohol, in violation of R.C. 4511.19 (A)(1)(a) as well as a traffic violation. Appellant appeared before the trial court and entered a written plea of not guilty to the charges on May 25, 2005. Additionally, appellant filed an ALS appeal of on June 7, 2005. Via Judgment Entry filed June 9, 2005, the trial court overruled appellant's appeal of the ALS.
 {¶ 3} It is from this Judgment Entry appellant appeals, raising the following assignment of error:
 {¶ 4} "I. THE TRIAL COURT ERRED IN NOT CONDUCTING AN EVIDENTIARY HEARING IN THE APPEAL OF THE ADMINISTRATIVE LICENSE SUSPENSION.
 I {¶ 5} Herein, appellant maintains the trial court erred in failing to conduct an evidentiary hearing on his ALS appeal. We agree.
 {¶ 6} R.C. 4511.197, which provides for an appeal of an administrative license suspension, provides:
 {¶ 7} (A) If a person is arrested for operating a vehicle * * * in violation of division (A) or (B) of section 4511.19 of the Revised Code * * * and if the person's driver's or commercial driver's license or permit or nonresident operating privilege is suspended under section 4511.191 of the Revised Code, the person may appeal the suspension at the person's initial appearance on the charge resulting from the arrest or within the period ending thirty days after the person's initial appearance on that charge, in the court in which the person will appear on that charge. * * *
 {¶ 8} (B) A person shall file an appeal under division (A) of this section in the municipal court, * * * that has jurisdiction over the charge in relation to which the person was arrested.
 {¶ 9} (C) If a person appeals a suspension under division (A) of this section, the scope of the appeal is limited to determining whether one or more of the following conditions have not been met:
 {¶ 10} (1) Whether the arresting law enforcement officer had reasonable ground to believe the arrested person was operating a vehicle * * * in violation of division (A) or (B) of section4511.19 of the Revised Code * * *;
 {¶ 11} (2) Whether the law enforcement officer requested the arrested person to submit to the chemical test * * *;
 {¶ 12} (3) Whether the arresting officer informed the arrested person of the consequences of refusing to be tested or of submitting to the test or tests;
 {¶ 13} (4) Whichever of the following is applicable:
 {¶ 14} (a) Whether the arrested person refused to submit to the chemical test or tests requested by the officer; * * *
 {¶ 15} (D) A person who appeals a suspension under division (A) of this section has the burden of proving, by a preponderance of the evidence, that one or more of the conditions specified in division (C) of this section has not been met. If, during the appeal, the judge or magistrate of the court or the mayor of the mayor's court determines that all of those conditions have been met, the judge, magistrate, or mayor shall uphold the suspension, continue the suspension, and notify the registrar of motor vehicles of the decision on a form approved by the registrar.
 {¶ 16} In its June 9, 2005 Judgment Entry, the trial court found the arresting officer had probable cause to stop appellant's vehicle as well as probable cause to arrest appellant for operating a vehicle while under the influence of alcohol. The trial court further found the officer requested appellant submit to a chemical urine test, and read appellant BMV form 2255, which informed appellant of the consequences of refusing or submitting to the test. The trial court noted appellant refused to submit to the requested chemical test. Based upon these findings, the trial court overruled appellant's ALS appeal, implicitly finding the conditions set forth in R.C. 4511.197 (C) were met. The trial court did not conduct a hearing on the appeal, but appears to have based its findings on the BMV form 2255 which is in the trial court's record.
 {¶ 17} We have read R.C. 4511.197, and find the statute does not expressly set forth the procedure a trial court is to follow in reviewing an appeal of an administrative license suspension. The statute clearly provides for an appeal as a means to seek relief from an administrative license suspension. We find inherent in an ALS appeal is an opportunity for an individual to be heard. The statute expressly places the burden of proof of apreponderance of the evidence on the person appealing the ALS. Here the appellant was denied both. The State failed to file a brief with this court. As such, we have not been directed to any case law which would conclude the contrary.
 {¶ 18} Accordingly, we reverse the judgment of the Mount Vernon Municipal Court and remand the matter for an evidentiary hearing.
 {¶ 19} Appellant's sole assignment of error is sustained.
Hoffman, J. Boggins, P.J. and Farmer, J. concur
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Mount Vernon Municipal Court is reversed and remanded the matter for an evidentiary hearing. Costs assessed to appellee.
[1] A statement of the facts is unnecessary for our disposition of this appeal.