DECISION AND JUDGMENT ENTRY
{¶ 1} In this appeal from a judgment of the Bowling Green Municipal Court, appellant, Chad A. Long, raises the following assignment of error:
 {¶ 2} "The trial court committed error in denying the motion to suppress evidence/ALS appeal challenging the legality of the traffic stop in question."
 {¶ 3} On April 2, 2005, appellant was arrested and charged with a violation of R.C. 4511.19(A)(1)(a), operating a motor vehicle while under the influence of alcohol, and R.C.4513.03(A), driving without headlights at night. Because he refused to take a breathalyzer test, appellant was placed under an administrative license suspension ("ALS") pursuant to R.C.4511.191.
 {¶ 4} On April 7, 2005, appellant entered a plea of "not guilty" and filed an appeal of his ALS. He also requested occupational driving privileges; this request was granted by the municipal court. On May 13, 2005, appellant filed a motion to suppress evidence combined with a memorandum in further support of his ALS appeal. Appellant argued that Patrolman Brian Crites, who arrested appellant, lacked a reasonable, articulable suspicion to stop and detain him. On September 7, 2005, the trial court heard appellant's motion to suppress and ALS appeal. The following facts were adduced at this hearing.
 {¶ 5} At approximately 1:30 a.m. on the morning of April 2, 2005, Patrolman Crites was on duty and driving westbound on East Wooster Street in Bowling Green, Ohio, when he observed a motor vehicle driving toward him. The officer testified that the operator was driving his 1992 Mitsubishi 3000 GT using only his "marker lights, parking lights, amber colored lights" and that the car's "headlights were not activated."
 {¶ 6} A videotape of the stop was played at the hearing, and Patrolman Crites was asked to describe the difference between the headlights on other vehicles traveling on East Wooster Street on the morning in question and the "marker" or "parking" lights that were operating on appellant's automobile. He stated, "The other cars — the other cars on the road have a starburst that is around the headlights. It illuminates the ground in front of it." As to appellant's lights, Crites described them as "dim," "having no illumination on the ground or in front of the [vehicle]," and as having "no starburst * * * because there are no headlights."
 {¶ 7} Patrolman Chris Garman also observed appellant's motor vehicle on the morning of April 2, 2005. He testified that he was driving westbound on East Wooster Street when he saw appellant's motor vehicle driving toward him without its headlights activated. Garman also saw Patrolman Crites' cruiser behind appellant's car, and radioed Crites to determine whether he was "going to stop that car with no headlights on." According to Garman, Patrolman Crites replied that he was effectuating a stop of appellant's motor vehicle.
 {¶ 8} Appellant also testified at the hearing. He maintained that his headlights were operating on the morning of April 2, 2005. On direct examination, appellant claimed that the "running lights" on the car were inoperable because the Mitsubishi was a "salvage" vehicle that had been in two collisions before he purchased it. However, on cross-examination, appellant, in looking at a photograph of his vehicle from an angle that showed only one "marker" or "running" light, stated that the light was on. Appellant also testified that marker or running lights were turned on by one twist, and the headlights with a second twist, and that during normal nighttime operation four lights should be visible. Upon viewing the videotape taken at the time of the stop, appellant admitted that only two lights were visible on the front of his vehicle and that these lights were dimmer than the headlights viewed on other motor vehicles.
 {¶ 9} After listening to testimony, viewing the videotape, and inspecting appellant's automobile, the trial court overruled appellant's motion to suppress and ALS appeal. Subsequently, appellant entered a no contest plea to a reduced charge of operating a motor vehicle without reasonable control, a violation of R.C. 4511.202. The trial court found appellant guilty and sentenced him. Appellant's sentence was stayed during the pendency of this appeal. However, the court denied appellant's motion to stay his ALS suspension, but did grant him continued occupational driving privileges.
 {¶ 10} The validity of Patrolman Crites' investigatory stop of appellant's motor vehicle is determined under the law emanating from the Fourth Amendment to the Constitution of the United States and Section 14, Article I, Ohio Constitution. Both of these constitutional provisions prohibit unreasonable searches and seizures. Terry v. Ohio (1968), 392 U.S. 1. Warrantless searches are generally per se unreasonable, subject to specifically established exceptions. State v. Pi Kappa AlphaFraternity (1986), 23 Ohio St.3d 141, 145. Absent an exception, courts are required to exclude all evidence seized in violation of the Fourth Amendment. Mapp v. Ohio (1961), 367 U.S. 643,655.
 {¶ 11} An investigative stop of a motor vehicle is an exception to the Fourth Amendment warrant requirement. Delawarev. Prouse (1979), 440 U.S. 648. To justify an investigatory detention of an automobile, a law enforcement officer must offer specific and articulable facts which, in light of the totality of the circumstances, justify a reasonable suspicion that the individual who is stopped is involved in illegal activity. Statev. Correa (1995), 108 Ohio App.3d 362, 366. See, also, State v.Bobo (1988), 37 Ohio St.3d 177, paragraph one of the syllabus. "Reasonable suspicion" is a less demanding standard than probable cause and requires a showing considerably less than preponderance of the evidence; nevertheless, the Fourth Amendment requires at least a minimal level of objective justification for making the stop. United States v. Sokolow (1989), 490 U.S. 1, 7. At a hearing on a motion to suppress, the state bears the burden of proving that a stop is based upon a standard of reasonableness.State v. Wood, 2d Dist. No. 19385, 2003-Ohio-3759, at ¶ 15.
 {¶ 12} In the case sub judice, two police officers testified that appellant was operating his motor vehicle at night without his headlights activated. As did the trial court, this court viewed a videotape of the stop that shows that the lights on appellant's vehicle are dimmer than other vehicles on the road and set more to the sides of appellant's vehicle than normal headlights. While we agree that appellant provided some conflicting testimony in his direct testimony, he also made some admissions on cross-examination that undermined that testimony. It was within the trial court's purview to determine the weight and credibility of said testimony. State v. Smith (1991),61 Ohio St.3d 284, 288. Thus, we conclude that, under the totality of the circumstances, Patrolman Crites had an articulable suspicion of criminal activity and acted reasonably. The trial court did not, therefore, err in overruling appellant's motion to suppress.
 {¶ 13} With regard to appellant's appeal of the denial of his ALS appeal, an individual whose license is subject to an ALS for refusal to submit to a breath test may appeal the ALS pursuant to R.C. 4511.197. Nonetheless, the statute expressly limits the scope of the appeal to a determination of whether one or more of the conditions enumerated in the statute have not been met. R.C.4511.197(C). The person appealing the ALS has the burden of proving, by a preponderance of the evidence, that one or more of these conditions have not been met. R.C. 4511.197(D).
 {¶ 14} The sole condition argued by appellant in the appeal to this court, as well as in the lower court, was whether Patrolman Crites "had reasonable ground to believe "[appellant] was operating a vehicle * * * in violation of division (A) or (B) of section 4511.19 of the Revised Code * * * and whether the [appellant] was in fact placed under arrest[.]" R.C.4511.197(C)(1). In short, appellant reasserts that the stop of his vehicle was unlawful; therefore, any evidence of his alleged intoxication observed by Patrolman Crites and obtained by means of field sobriety tests "would not be available to justify an arrest." We disagree. Clearly, appellant failed to satisfy his burden by not establishing, by a preponderance of the evidence, that the stop of his vehicle was unreasonable. Thus, the evidence of intoxication that led to his arrest was available and properly employed by Crites to justify appellant's arrest.
 {¶ 15} Appellant's sole assignment of error is found not well-taken. The judgment of the Bowling Green Municipal Court is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Wood County.
JUDGMENT AFFIRMED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J., Singer, P.J., M. Parish, J., Concur.