DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from the Ottawa County Municipal Court, which denied appellant Christopher J. Mallin's appeal of his administrative license suspension ("ALS") imposed by the Ohio Bureau of Motor Vehicles pursuant to R.C. 4511.191. The trial court found appellant guilty of operating a motor vehicle under the influence of alcohol in *Page 2 
violation of R.C. 4511.19(A)(1). For the reasons set forth below, the judgment of the trial court is affirmed.
 {¶ 2} The following facts are relevant to the issues raised on appeal.
 {¶ 3} On March 24, 2006, appellant was stopped by a law enforcement officer for failure to signal lane change, in violation of R.C. 4511.39. Appellant was arrested and charged with a operating a motor vehicle while under the influence of alcohol ("DUI"), in violation of R.C.4511.19(A)(1)(a). Appellant's refusal to submit to a breath test triggered a mandatory ALS by the Bureau of Motor Vehicles ("BMV").
 {¶ 4} On March 27, appellant was arraigned. Appellant pled not guilty, waived the statutory time for trial, and appealed the ALS. The trial court issued a stay of the ALS and imposed a pretrial license suspension pursuant to R.C. 4511.196. The pretrial conference date was set for May 19, 2006.
 {¶ 5} On April 5, 2006, appellant withdrew his statutory speedy trial waiver. On April 14, 2006, the trial court set an evidentiary hearing date for May 24, 2006. The assignment notice provided that appellant's time waiver was withdrawn.
 {¶ 6} On May 19, 2006, the pretrial conference was held. Appellant rejected the negotiated plea offered by the state and requested a jury trial.
 {¶ 7} On May 24, 2006, the magistrate conducted the evidentiary hearing for the administrative appeal of the ALS. The magistrate denied appellant's appeal and ordered that the ALS be reimposed from May 24, 2006 to May 24, 2007. Appellant was granted *Page 3 
limited driving privileges conditioned "upon written proof of employment and proof of financial responsibility after 30 days for occupational purposes."
 {¶ 8} On May 25, 2006, the trial court set the original trial date for June 29, 2006. On June 5, 2006, appellant filed objections to the magistrate's decision. On July 3, 2006, after reviewing the record and finding no errors of law, the trial court overruled appellant's objections and adopted the magistrate's decision denying appellant's appeal of the ALS.
 {¶ 9} On June 13, 2006, the state of Ohio filed a motion for continuance based upon the unavailability of the arresting officer. On June 14, 2006, the trial court granted the state's motion for continuance.
 {¶ 10} On August 17, 2006, appellant filed a motion to discharge for failure to hold a trial within the statutory time. On September 29, 2006, the magistrate denied appellant's motion, indicating that the "original jury trial date was scheduled by the court for June 29, 2006 and was within the time required for trial, as extend by the original waiver."
 {¶ 11} On October 6, 2006, after reviewing the record and finding no error in the magistrate's decision, the Ottawa County Municipal Court adopted the decision of the magistrate and entered a judgment under which the appellant's motion to discharge was found not well-taken and denied.
 {¶ 12} On October 10, 2006, this case was heard before a jury. The jury found appellant guilty of operating a motor vehicle while under the influence of alcohol, in *Page 4 
violation of R.C. 4511.19(A)(1). On November 7, 2006, appellant filed timely notice of appeal.
 {¶ 13} On appeal, appellant asserts the following four assignments of error:
 {¶ 14} "The trial court erred in establishing a procedure that requires a citizen's administrative appeal of an Administrative License Suspension imposed by the Bureau of Motor Vehicles to proceed in the municipal court under the same case number as the criminal prosecution of such citizen by the State for alleged violation of Revised Code § 4511.19.
 {¶ 15} "The trial court erred in denying this Appellant's administrative appeal of the Administrative License Suspension imposed herein by the Bureau of Motor Vehicles.
 {¶ 16} "The trial court erred in denying this Appellant's motion to discharge for failure to bring the criminal charge herein to trial within the time required by Revised Code § 2945.73(B).
 {¶ 17} "The verdict was against the manifest weight of evidence."
 {¶ 18} Under his first assignment of error, appellant asserts that the trial court erred in requiring the administrative appeal of the ALS and the criminal prosecution of appellant to proceed under the same case number. He contends that by allowing the ALS appeal and the criminal prosecution to proceed under the same case number, his ability to challenge the denial of the ALS appeal was delayed until the conclusion of the criminal case. Appellant contends that this procedure violated his right to due process. *Page 5 
 {¶ 19} To support the proposition that an administrative appeal of an ALS and criminal prosecution should be docketed separately, appellant cites to State v. Gustafson (1996), 76 Ohio St.3d 425. However, appellant's reliance upon Gustafson is misplaced.
 {¶ 20} In Gustafson, the Supreme Court of Ohio held that "an ALS imposed pursuant to R.C. 4511.191, and a criminal DUI prosecution for violation of R.C. 4511.19 arising out of the same arrest constitute `separate' proceedings for double jeopardy purposes." Id. at 438. Yet, the court also stated that the administrative appeal of the ALS may be presided over by the same judicial officer as presides over the criminal DUI case, without "consolidating the administrative license suspension and the DUI prosecution into the `same proceeding' for double jeopardy purposes." Thus, although the administrative appeal of the ALS and criminal DUI case may, under some circumstances, constitute "separate proceedings" for double jeopardy purposes, this does not stand for the proposition that an administrative ALS appeal and criminal DUI prosecution, arising out of the same arrest, must proceed under separate case number.
 {¶ 21} On the contrary, R.C. 4511.197(A) provides that an individual arrested for operating a vehicle while under the influence of alcohol and whose driver's license is suspended, "may appeal the suspension at the person's initial appearance on the charge resulting from the arrest or within the period ending thirty days after the person's initial appearance on that charge, in the court in which the person will appear on that charge."
 {¶ 22} The Ohio Supreme Court has stated that these "appeal provisions provide an aggrieved licensee with an adequate means of obtaining prompt post-suspension *Page 6 
review of an administrative license suspension." State v.Hochhausler (1996), 76 Ohio St.3d 455, 461. Consistent with the Supreme Court of Ohio, in State v. Frame (May 24, 1999), 5th Dist. No. CA-881, the court rejected the contention that an ALS suspension should be filed as a separate civil action because "such a proposition only serves to frustrate the purpose of the statute by creating an unnecessary hurdle for the aggrieved licensee." Id. at 8-9.
 {¶ 23} R.C. 4511.197 does not expressly provide the procedure a trial court must follow in reviewing an appeal of an ALS. State v.Norman, 5th Dist. No. 2005CA00022, 2005-Ohio-5791, ¶ 17. However, "the statute clearly provides for an appeal as a means to seek relief from an administrative license suspension" and "inherent in an ALS appeal is an opportunity for an individual to be heard." Id.
 {¶ 24} The record shows that appellant filed his appeal of the ALS at his initial appearance. On May 24, 2006, an evidentiary hearing on the ALS appeal was held and appellant's appeal was denied for failure to show error. Appellant had an opportunity to seek relief and to be heard. Appellant's first assignment of error is not well-taken.
 {¶ 25} In his second assignment of error, appellant argues that the trial court erred in denying his ALS appeal.
 {¶ 26} It is well established that the standard of review on a disputed continuation of an ALS is "whether there is some competent, credible evidence to support the lower court's ruling."Williams at ¶ 7; State v. Brown (Aug. 10, 2001), 6th Dist. No. WD-01-011, quoting Metzger v. McCullion (June 15, 1990), 6th Dist. No. L-89-170. R.C. *Page 7 4511.197(C) expressly limits the scope of an ALS appeal to the determination of whether or not the statutory conditions have been met. One of these conditions is "whether the arrested person refused to submit to the chemical test or tests requested by the officer." Id.;State v. Long, 6th Dist. No. WD-05-057, 2006-Ohio-1987, ¶ 13. The one who appeals an ALS "has the burden of proving, by a preponderance of the evidence, that one or more of the conditions specified in the statute have not been met." R.C. 4511.197(D); State v. Williams, 6th Dist. No. OT-03-020, 2004-Ohio-2453, ¶ 7; City of Bryan v. Hudson (June 30, 1995), 6th Dist. No. WM-94-014, citing Andrews v. Turner (1977),52 Ohio St.2d 31.
 {¶ 27} Appellant argues that the arresting officer failed to meet the statutory guidelines of imposing an ALS and urges this court to conclude that the arresting officer must turn on the Breath Alcohol Content ("BAC") machine and go through the required procedure of ensuring that the machine is functional before a valid consent or refusal to take the chemical test is properly established.
 {¶ 28} The trial court denied appellant's appeal of the ALS for failure to show error. We concur with the trial court. Under R.C.4511.191, refusal to submit to a breath test "occurs whenever such person's conduct would justify a reasonable requesting officer to believe that the person was capable of refusal and manifested an unwillingness to take the test." State v. Huffman, 6th Dist. No. WD-05-007, 2005-Ohio-6005 ¶ 8, quoting Andrews v. Turner (1977),52 Ohio St.2d 31, 36. More importantly, R.C. 4511.191(D)(3) indicates that "the arresting officer's sworn report, undisputedly sent to the court, is to be *Page 8 
considered and admitted as prima facie proof of the information and statements it contains during defendant's appeal of his ALS." In this case, the sworn report of Trooper Kent Jeffries of the Ohio State Highway Patrol indicated that appellant was placed under ALS for refusal to submit to a breath alcohol test. The record shows that Jeffries is certified to conduct breath tests on the BAC Datamaster machine.
 {¶ 29} We reject appellant's contention that he could not legally refuse to take the breathalyzer test because the officer did not make the test physically available. R.C. 4511.191 does not require that an arresting officer go through the procedure of ensuring the BAC machine is operational prior to requesting that a person arrested for a DUI submit to a chemical test. Accordingly, the record provides competent, credible evidence to support the lower court's ruling. Appellant's second assignment of error is not well-taken.
 {¶ 30} In appellant's third assignment of error, he argues that the trial court erred in denying his motion to discharge for failure to bring the criminal charge to trial within the statutory time.
 {¶ 31} R.C. 2945.73(B) requires that a misdemeanor be brought to trial within 90 days of arrest. Additionally, "precedent requires that such a continuance be necessary under the circumstances of the case." State v.Saffell (1988), 35 Ohio St.3d 90. However, under R.C. 2945.72, a continuance beyond the 90 day time limit may be granted provided that the continuance is reasonable. *Page 9 
 {¶ 32} Appellant concedes that he initially waived the statutory time for a speedy trial. However, he contends that after his waiver was withdrawn, the trial court erred in granting the state a continuance, resulting in failure to bring this case to trial within 90 days. Appellant further contends that pursuant to the pretrial order, no continuances could be granted except upon written motion with affidavits stating good cause.
 {¶ 33} The record shows that the original trial date was set for June 29, 2006, within the statutory time, as extended by appellant's waiver. The state requested a continuance on June 13, 2006, and supported its request by indicating that Officer Jeffries, the state's key witness, was scheduled for mandatory training on that date and would not be available to testify.
 {¶ 34} The trial court conducted a hearing on the issue of whether or not appellant's case was brought to trial within the statutory time. The court found that all requirements for a continuance beyond the statutory requirements were met and concluded that the state had comported with the reasonable and necessary requirements needed for extending the statutory speedy trial limits. In support of its holding, the trial court cited to State v. Saffell (1988), 35 Ohio St.3d 90, and State v.Mincy (1982), 2 Ohio St.3d 6.
 {¶ 35} The trial court stated "The Supreme Court has explicitly recognized vacation time of a law enforcement officer as proving good cause, constituting proper justification for continuance and comporting with the `reasonable' and `necessary' *Page 10 
requirements for extending the statutory speedy trial limits," citing toState v. Saffell (1988) 35 Ohio St.3d 90.
 {¶ 36} We concur with the trial court. Appellant's right to a speedy trial was not violated. Appellant's third assignment of error is not well-taken.
 {¶ 37} In his fourth assignment of error, appellant argues that the verdict was against the manifest weight of the evidence. The crux of appellant's argument is that his conviction was based on contradictory and unreliable testimony from Trooper Jeffries.
 {¶ 38} The record shows that at the ALS hearing, Jeffries testified that he could smell the odor of alcohol on appellant when he questioned appellant. In his DUI trial testimony, Jeffries indicated that his previous testimony was incorrect. He stated "it wasn't until I got back to my vehicle when I noticed the odor of alcohol."
 {¶ 39} We acknowledge the discrepancy in Jeffries' testimony. However, "the weight given to evidence and the credibility of witnesses is primarily for the trier of fact to determine." State v. Brown (Aug. 10, 2001), 6th Dist. No. WD-01-011, citing State v. DeHass (1967),10 Ohio St.2d 230, 227. Moreover, on appeal this court may only reverse a judgment as against the manifest weight of evidence "where the trier of fact, in resolving evidentiary conflicts and making credibility determinations, clearly lost its way and created a manifest miscarriage of justice." Id., citing Gonzalez v. Henceroth Enterprises, Inc. (1999),135 Ohio App.3d 646, 653.
 {¶ 40} At trial, Jeffries indicated that he became suspicious of appellant when he observed appellant driving "well below" the 65 m.p.h. speed limit, at an estimated speed *Page 11 
of 50-55 m.p.h. Jeffries further indicated that appellant was in the right lane and that he activated his cruiser video camera after he saw appellant swerve over into the left lane and back into the right lane without using a turn signal.
 {¶ 41} The jury heard Jeffries' testimony regarding the factors he used to determine that appellant was operating his vehicle while under the influence of alcohol. For instance, Jeffries informed the jury that in addition to observing appellant's abnormal driving, appellant would not look at the officer, displayed impaired coordination, and appellant refused to perform any field sobriety tests.
 {¶ 42} Moreover, the jury had an opportunity to view the stop and arrest tape. This tape provided the jury with the ability to observe how appellant acted and reacted on the night in question. Jurors were able to observe and compare appellant's demeanor in the courtroom, to his speech and composure on the night of appellant's arrest.
 {¶ 43} The trial court record provides ample evidence upon which the jury could reasonably find appellant guilty. Appellant's conviction was not against the manifest weight of evidence. Appellant's fourth assignment of error is not well-taken.
 {¶ 44} On consideration whereof, the judgment of the trial court is affirmed. Appellant is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the records, fees allowed by law, and the fee for filing the appeal is awarded to Ottawa County.
 JUDGMENT AFFIRMED *Page 12 
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4.
Peter M. Handwork, J. Judge, Mark L. Pietrykowski, P.J. Judge, Thomas J. Osowik, J. Judge, CONCUR. *Page 1