OPINION
{¶ 1} This matter is before the Court on the Notice of Appeal of Brian Jackson, filed August 8, 2008. On April 27, 2008, Jackson, an emergency power line employee at Duke Energy, was arrested for operating a vehicle while under the influence, in violation of *Page 2 
R.C. 4511.191(A)(1)(a). At the time of his arrest, Jackson refused to submit to a chemical test of his blood, breath or urine, and his personal and commercial drivers' licenses were immediately subject to administrative suspension ("ALS"). On May 2, 2008, Jackson was arraigned in Kettering Municipal court, case number 08 TRC 05401.
 {¶ 2} This matter's convoluted procedural history began on August 1, 2008, when Jackson filed a "Supplemental Brief of ALS Appeal," captioned"Brian Jackson v. Ohio Bureau of Motor Vehicles" case number 08 CVV 0279, appealing "the Administrative License suspension placed upon his license and his commercial driving license." Jackson's Supplemental Brief asserted, "4511.197(C) requires that operators be informed of theconsequences of refusing to be tested or of submitting to the test. In the instant case, this did not occur. Thus, pursuant to 4511.197(D) this court must terminate the administrative suspension due to the arresting officer's failure to advise the operator of the consequences of refusing a chemical test as subscribed by R.C. 4511.197(C)."
 {¶ 3} On August 8, 2008, the municipal court issued an Entry that provided: "* * * The Court notes the Petitioner filed his Petition for Limited Driving Privileges on May 29, 2008 in Case 08CVV192. The Court is unclear why the Petitioner filed his Supplemental Brief under a separate case number rather than the initial filing relating to the ALS.
 {¶ 4} "The Court notes the Defendant was charged on April 27, 2008 with a violation of Section 4511.19, R.C, and was subsequently arraigned on April 28, 2008 [sic]. The Petitioner's original ALS filing in 08CVV192 was filed May 29, 2008, and the aforementioned Supplemental Brief was filed August 1, 2008.
 {¶ 5} "* * * The court notes the Petitioner's initial request under the ALS suspension *Page 3 
for driving privileges was substantially filed within the 30 day period [See R.C. 4511.19]. However, the Supplemental Brief was not filed until more than 60 days after the deadline for filing an appeal of the ALS. The Court finds the Petitioner's attempt to contest the ALS by a filing more than 60 days after the filing deadline does not comply with the statutory language governing the same. The Petitioner's appeal of his ALS suspension is overruled due to filing his appeal out of time."
 {¶ 6} On August 15, 2008, Jackson filed a "Motion to Reconsider Petitioner's Appeal of ALS Suspension." On October 14, 2008, the municipal court overruled Jackson's motion to reconsider, and Jackson filed a Notice of Appeal on November 12, 2008.
 {¶ 7} Jackson also filed a Motion to Stay Execution of Judgment on November 12, 2008, which the municipal court overruled the following day. On November 18, 2008, Jackson filed a "Motion to Stay Execution of Judgment (Expedited Review Requested)" herein. We issued an Order in response on November 25, 2008, directing the Registrar of Motor Vehicles ("Registrar") to respond to Jackson's Motion and to address Jackson's prior traffic record. We further noted that Jackson "appealed from the court's judgment overruling his August 15, 2008 motion to reconsider. Because a motion for reconsideration is a nullity, a ruling made on such a motion does not form the basis for an appeal." We ordered Jackson "to show cause why his appeal should not be dismissed for lack of a final appealable order."
 {¶ 8} On December 10, 2008, Jackson filed a "Motion to Establish Appealable Order," alternatively requesting "leave to file under the Criminal Case number that tracked concurrently with the instant case." On December 11, 2008, the Registrar filed a response to Jackson's motion to stay. On December 26, 2008, the Registrar filed a Motion to Dismiss Jackson's *Page 4 
Appeal, arguing that the municipal's court's August 8, 2008 entry was a final appealable order, and that Jackson lost the opportunity to appeal this entry when he failed to file a notice of appeal within 30 days.
 {¶ 9} On January 6, 2009, we issued a "Decision and Entry" addressed to the above filings. We overruled Jackson's motion to stay the execution of the October 14, 2008 judgment of the municipal court. We reiterated our earlier determination that "a motion for reconsideration is a nullity, [and] a ruling made on such a motion does form the basis for an appeal." We further noted, however, that pursuant to Civ. R. 58(B), the "record * * * does not demonstrate that the clerk served Jackson with notice of the August 8, 2008 entry overruling Jackson's appeal of his ALS suspension as untimely. Therefore, Jackson's time to appeal from said order has not yet begun to run." We overruled the Registrar's motion to dismiss, ordering Jackson to amend his notice of appeal to include the trial court's August 8, 2008, entry overruling the appeal of his ALS suspension as untimely.
 {¶ 10} On January 8, 2009, Jackson filed an "Amended Notice of Appeal," indicating that he appeals from the August 8, 2008 entry.
 {¶ 11} Jackson asserts one assignment of error as follows:
 {¶ 12} "THE TRIAL COURT ERRED IN FINDING THAT APPELLANT DID NOT FILE HIS ADMINISTRATIVE LICENSE SUSPENSION APPEAL WITHIN THE TIME REQUIREMENTS OF O.R.C. § 4511.197."
 {¶ 13} According to Jackson, at his initial appearance on May 2, 2008, under case number 08 TRC 05401, he "appealed the ALS imposed upon him. * * * This was the only case number opened under the Defendant's name at his initial appearance and the case number *Page 5 
wherein the Ohio Bureau of Motor Vehicles suspension form 2255 was placed. A pre-trial conference was set for May 29, 2008, under case number 08 TRC 05401.
 {¶ 14} "* * * On May 29, 2008, upon paying an eighty-five dollar filing fee, Defendant filed for limited privileges which was assigned a civil case number 08 CVV 00192. On May 30, 2008, Defendant was granted limited driving privileges; however, his occupational driving privileges were not extended to the CDL portion of his license due to the operation of O.R.C. § 4506.161.
 {¶ 15} * *
 {¶ 16} "* * * On July 9, under case number 08 TRC 05401, an ALS hearing was scheduled for July 22, 2008. On July 22, 2008, the ALS hearing was converted into a Status hearing with the trial court and prosecutor whereupon the issues of notice and compliance, the crux of Appellant's ALS appeal, were discussed. On August 1, 2008, Appellant filed a Supplemental Brief to assist the trial court in making a decision regarding the ALS Suspension. Curiously, Appellant was required to file and pay for costs, under a new civil case number 08 CVV 00279, to have this Supplemental Brief filed. * * *
 {¶ 17} "Thereafter, on October 21, 2008, the Defendant voluntarily entered a change of plea on the charge of physical control under the influence in violation of O.R.C. § 4511.194. As part of the sentence, the Defendant was sentenced to 180 day jail term with 177 suspended for and three days served at a Weekend Intervention Program. The ALS was not terminated and remained/remains in effect, with no modification to the previously ordered limited driving privileges.
 {¶ 18} * * *Page 6 
 {¶ 19} "* * * Unfortunately, it appears as though the trial court chose to accept the Supplemental Brief as an original appeal of the ALS and struck the appeal for being filed out of time. This is incorrect as Appellant had clearly appealed the ALS on his initial filing on May 2, 2008. * * * The Supplemental Brief was to merely assist the trial court in rendering a decision surrounding the ALS form and the proper notice requirements."
 {¶ 20} Attached to Jackson's brief is a pleading in case number 08 TRC 05401, captioned State of Ohio v. Brian Jackson, and styled, "Notice of Appearance, Plea of Not Guilty, Time Waiver, Request for Pre-trial Discovery and Initial Appeal of ALS Suspension." The document bears a time stamp of May 2, 2008. It provides in relevant part, "* * * Defendant herein preserves any appellate rights concerning the ALS suspension."
 {¶ 21} According to Jackson, the trial court's decision deprived him of due process and an opportunity to be heard, in reliance in part onState v. Norman, Knox App. No. 2005CA00022, 2005-Ohio-5791.
 {¶ 22} The Registrar responds, "Where the appellant never sought a continuance of his ALS appeal, and never specified the basis of his ALS challenge until more than ninety days after his initial appearance, the trial court did not abuse its discretion in dismissing the ALS appeal as untimely."
 {¶ 23} A trial court's procedural rulings will not be reversed absent an abuse of discretion. Harmon v. Baldwin, 107 Ohio St.3d 232, 837
N.E.2d 1196, 2005-Ohio-6264, ¶ 16. "`Abuse of discretion' connotes an unreasonable, arbitrary, or unconscionable attitude.'" Id. (citation omitted).
 {¶ 24} R.C. 4511.197(A) provides, "If a person is arrested for operating a vehicle, * * * *Page 7 
in violation of division (A) * * * of section 4511.19 of the Revised Code * * * and if the person's driver's license or commercial driver's license * * * is suspended under section 4511.191 of the Revised Code, the person may appeal the suspension at the person's initial appearance on the charge resulting from the arrest or within the period ending thirty days after the person's initial appearance on that charge, * * * If the person appeals the suspension, either the person or the registrar of motor vehicles may request a continuance of the appeal, and the court may grant the continuance. * * * ."
 {¶ 25} "The Ohio Supreme Court has stated that these `appeal provisions provide an aggrieved licensee with an adequate means of obtaining prompt post-suspension review of an administrative license suspension.' State v. Hochhausler (1996), 76 Ohio St.3d 455, 461. Consistent with the Supreme Court of Ohio, in State v. Frame (May 24, 1999), 5th Dist. No. CA-881, the court rejected the contention that an ALS suspension should be filed as a separate civil action because `such a proposition only serves to frustrate the purpose of the statute by creating an unnecessary hurdle for the aggrieved licensee.' Id. at 8-9. "R.C. 4511.197 does not expressly provide the procedure a trial court must follow in reviewing an appeal of an ALS.State v. Norman, 5th Dist. No. 2005CA00022,2005-Ohio-5791, ¶ 17. However, `the statute clearly provides for an appeal as a means to seek relief from an administrative license suspension' and `inherent in an ALS appeal is an opportunity for an individual to be heard.'" State v. Mallin, Ottawa App. No. OT-06-040,2007-Ohio-4476, ¶ 22-23.
 {¶ 26} While the trial court determined that Jackson's Supplemental Brief "does not comply with the statutory language" of R.C. 4511.197(A), the statute does not specifically set forth the procedure required to perfect an appeal. As an aside, we note that the parties agreed at *Page 8 
oral argument that Kettering Municipal Court required Jackson to pay a separate $85.00 filing fee, and that the court clerk designated the filing as a separate civil action. It is uncontested that on May 2, 2008, the date of his arraignment, Jackson filed an "* * * Initial Appeal of ALS Suspension," in case number 08 TRC 5401. Given the absence of instruction in R.C. 4511.197(A), we conclude that Jackson's May 2, 2008 filing was sufficient to perfect his ALS appeal. Accordingly, the trial court abused its discretion in determining that Jackson's ALS appeal was untimely. Reversed and remanded.
FROELICH, J. and WOLFF, J., concur.
(Hon. William H. Wolff, Jr., retired from the Second District Court of Appeals, sitting by assignment of the Chief Justice of the Supreme Court of Ohio).
Copies mailed to:
Thomas M. Kollin, John T. Williams, Hon. Thomas M. Hanna. *Page 1