[Cite as *Akron v. Turner*, 2013-Ohio-4578.]

| STATE OF OHIO | ) | IN THE COURT OF APPEALS |
|---|---|---|
| | )ss: | NINTH JUDICIAL DISTRICT |
| COUNTY OF SUMMIT | ) | |

STATE OF OHIO / CITY OF AKRON

    Appellee

    v.

LORI A. TURNER

    Appellant

C.A. No.     26790

APPEAL FROM JUDGMENT
ENTERED IN THE
AKRON MUNICIPAL COURT
COUNTY OF SUMMIT, OHIO
CASE No.    12TRC15490

DECISION AND JOURNAL ENTRY

Dated: October 16, 2013

---

WHITMORE, Judge.

{¶1}   Defendant-Appellant, Lori Turner, appeals from the denial of her administrative license suspension appeal in the Akron Municipal Court. This Court dismisses for lack of jurisdiction.

I

{¶2}   On October 20, 2012, Turner was issued a traffic citation for: (1) speeding, in violation of R.C. 4511.21(C); (2) operating a vehicle while under the influence of alcohol ("OVI"), in violation of R.C. 4511.19(A)(1)(a); and (3) failure to yield at a red light, in violation of R.C. 4511.13(C)(1). Because she refused to submit to blood alcohol testing, Turner's license was confiscated and she was issued an administrative license suspension ("ALS"). Turner signed the BMV 2255 form indicating the suspension at the time of her arrest.

{¶3}   On November 26, 2012, Turner filed an ALS appeal along with a motion to suppress. The trial court scheduled a "motion hearing" for December 6, 2012. That same day,

the trial court denied both Turner's motion to suppress and her ALS appeal. The trial judge denied the ALS appeal by stamping "motion denied" on the first page of Turner's ALS appeal filing, signing directly below the stamp, and time stamping the page "DEC 06 2012." Subsequently, the matter proceeded to trial.

{¶4} A jury found Turner not guilty of the OVI offense, but the trial court found her guilty of speeding and failing to yield. On January 9, 2013, the trial court sentenced Turner to a fine and court costs.

{¶5} On February 8, 2013, Turner filed her notice of appeal to challenge the trial court's denial of her ALS appeal. Turner raises a single assignment of error for our review.

II

Assignment of Error

THE TRIAL COURT ERRED WHEN IT DENIED DEFENDANT-APPELLANT'S ADMINISTRATIVE LICENSE SUSPENSION APPEAL WITHOUT AN EVIDENTIARY HEARING TO PROVE BY A PREPONDERANCE OF THE EVIDENCE THAT ONE OR MORE OF THE CONDITIONS FOR LICENSE SUSPENSION SET FORTH IN RC 4511.197(C) WAS NOT MET.

{¶6} In her sole assignment of error, Turner argues that the court erred by denying her ALS appeal in the absence of an evidentiary hearing. Because Turner's appeal is untimely, we do not address the merits of her argument.

{¶7} "An administrative license suspension and a criminal prosecution for [OVI] which arise from the same arrest are separate proceedings." *State v. Willard*, 9th Dist. Medina No. 04CA0045-M, 2005-Ohio-1627, ¶ 8. "A trial court's determination of an administrative-license-suspension appeal is an order entered in a special proceeding and is final pursuant to R.C. 2505.02." *State v. Williams*, 76 Ohio St.3d 290 (1996), paragraph two of the syllabus. Accordingly, to timely appeal from a court's denial of an ALS appeal, a defendant must file his

or her notice of appeal within thirty days. *Willard* at ¶ 8. "Where an untimely appeal has been filed, an appellate court lacks jurisdiction to consider the merits, and the appeal must be dismissed." *State v. Myers*, 9th Dist. Wayne No. 08CA0041, 2009-Ohio-2082, ¶ 7, quoting *Metropolitan Bank & Trust Co. v. Roth*, 9th Dist. Summit No. 21174, 2003-Ohio-1138, ¶ 15.

**{¶8}** The trial court denied Turner's ALS appeal on December 6, 2012. At that point, the ALS appeal determination was a final, appealable order and Turner had thirty days to file her appeal from it. *See Willard* at ¶ 8. Turner, however, did not file her notice of appeal until February 8, 2013, 64 days later. Consequently, Turner failed to file her appeal in a timely manner, and this Court lacks jurisdiction to hear the appeal.

III

**{¶9}** Turner's appeal is dismissed as untimely.

Appeal dismissed.

———

Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(C). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.

Costs taxed to Appellant.

BETH WHITMORE
FOR THE COURT

HENSAL, J.
CONCURS.

BELFANCE, P.J.
DISSENTING.

{¶10} I respectfully dissent from the judgment of the majority as I would conclude that Ms. Turner's appeal is timely.

{¶11} The Supreme Court of Ohio "has historically and repeatedly characterized driver's license suspensions imposed pursuant to Ohio's implied consent statutes as being civil in nature and remedial in purpose." *State v. Gustafson,* 76 Ohio St.3d 425, 440 (1996); *see also Tallmadge v. Barker,* 9th Dist. Summit No. 24414, 2009-Ohio-1334, ¶ 21 ("An appeal of an administrative license suspension is a civil proceeding."). App.R. 4(A) provides that "[a] party shall file the notice of appeal required by App.R. 3 within thirty days of the later of entry of the judgment or order appealed or, in a civil case, service of the notice of judgment and its entry if service is not made on the party within the three day period in Rule 58(B) of the Ohio Rules of Civil Procedure." Thus, because an administrative license suspension appeal is a civil matter, *see Gustafson* at 440, the entirety of App.R. 4(A) applies to this case. *See Jackson v. Rankin,* 2d Dist. Montgomery No. 23083, 2009-Ohio-1639, ¶ 9. There is nothing in the record that suggests the notice of judgment was ever served upon Ms. Turner. Accordingly, I would conclude her appeal time has not begun to run, and her appeal is therefore not untimely. *See id.*

{¶12} In *State v. Willard*, 9th Dist. Medina No. 04CA0045-M, 2005-Ohio-1627, ¶ 8, this Court stated that that an appellant only has 30 days to file an appeal from an administrative license suspension appeal; however, there are no facts indicating whether or not proper service of the judgment was made in that case. Thus, that case does not stand for the proposition that the

second half of App.R. 4(A), which tolls the time when a civil judgment is not properly served upon a party, would be inapplicable. Further, ignoring the applicability of Civ.R. 58(B) to administrative license suspension appeals contradicts the well-settled precedent that such an appeal is a civil matter that is separate and independent from the criminal case. *See Gustafson* at 440; *Hoban v. Rice*, 25 Ohio St.2d 111 (1971), paragraph one of the syllabus. The purpose of App.R. 4(A) and Civ.R. 58(B) is to make clear the moment in time that the 30-day period for appeal will actually begin running and to ensure that time for appeal does not begin to run unless a party is properly served with notice that a final judgment has been entered. Compliance with the rule is critical in ALS cases given that the civil case is typically embedded in the criminal case. In this case, in denying her appeal from the ALS suspension, the trial court made a notation on the side of Ms. Turner's notice of appeal she filed with the court. There is no indication in the record that the clerk served Ms. Turner with notice of the final judgment denying her ALS appeal. I respectfully dissent.

APPEARANCES:

DANIEL R. BACHE, Attorney at Law, for Appellant.

CHERI CUNNINGHAM, Director of Law, GERTRUDE WILMS, Chief City Prosecutor, and MARY A. LOHR, Assistant City Prosecutor, for Appellee.